{¶ 44} I concur in Judge Farmer's general analysis and disposition of Appellant's first assignment of error. I write separately to clarify while the division of marital property is governed by an abuse of discretion standard of review, I believe the classification of property as separate or marital is subject to a manifest weight standard of review.
 {¶ 45} I further concur in Judge Farmer's disposition of Appellant's second assignment of error. I write separately to state what I believe to be the relative burdens of proof with regard to determining separate versus marital property.
 {¶ 46} Pursuant to R.C. 3105.171(A)(6)(a)(vii), because the $12,000 gift was made after the date of the marriage, it is considered marital property unless Appellee proves by clear and convincing evidence it was given only to him and, if commingled with other marital property after receipt, it was traceable. If Appellee sustains his burden, the burden of proof then shifts to Appellant to prove by clear and convincing evidence the gift was thereafter transmuted into marital property. The fact the gift remained traceable[2] does not preclude a finding of transmutation.
 {¶ 47} Once Appellee met his burden to establish the $12,000 gift was his separate property, because the gift was commingled by using it as a down payment on the Fittings Avenue marital residence, Appellee had the additional burden of proving by a preponderance of the evidence the $12,000 gift was traceable to the $10,000 down *Page 12 
payment. Appellee met that burden. However, I concur a review of the evidence does not demonstrate the trial court's finding Appellant failed to prove by clear and convincing evidence the $12,000 gift was transmuted was against the manifest weight of the evidence. As such, unlike Judge Farmer, I find no error by the trial court in its determination or treatment of the $12,000 gift.
 {¶ 48} I further concur in Judge Farmer's analysis and disposition of Appellant's third assignment of error.
 {¶ 49} Finally, I concur in Judge Farmer's analysis and disposition of Appellee/cross-appellant's sole assignment of error.
[2] Judge Farmer states traceability is determined by the sufficiency of the evidence standard. (Farmer, J., Opinion at ¶ 31). I presume by sufficiency Judge Farmer means a preponderance of the evidence standard. *Page 13